**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**
**PORTLAND DIVISION**

|  |  |
|---|---|
| NICOLE L. MCGINLEY,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, LEXISNEXIS RISK SOLUTIONS INC., and NATIONSTAR MORTGAGE, LLC,<br><br>Defendants. | Case No: 2:25-cv-00481-LEW |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S**
**PARTIAL MOTION TO DISMISS**

Plaintiff Nicole L. McGinley ("Plaintiff") asserts a claim under § 1681e(b) of the Fair Credit Reporting Act, alleging that LexisNexis Risk Solutions, Inc. ("LexisNexis Risk") prepared her "credit report" without following reasonable procedures to assure maximum possible accuracy in violation of § 1681e(b).[1] Plaintiff's § 1681e(b) claim, however, fails as a matter of law because Plaintiff fails to plausibly allege that LexisNexis Risk disclosed her report to a third party, which is an essential element of a § 1681e(b) claim. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021).  Instead, in an allegation containing no factual content, Plaintiff vaguely alleges that the "inaccurate reporting by LexisNexis was viewed by third parties." ECF No. 1, Complaint ¶ 42 ("Compl."). This meager

---

[1]    Plaintiff also asserts claims under § 1681i, alleging that LexisNexis Risk failed to conduct a reasonable investigation of her disputes, to read and consider documents attached to Plaintiff's dispute, and to delete and/or modify the disputed information. While those claims are factually meritless, LexisNexis does not seek dismissal of those claims in this Motion.

allegation fails to meet Rule 8 pleading standards. And Plaintiff's remaining improperly group-pled allegations cannot rescue the Complaint's deficiencies as to LexisNexis Risk.  Accordingly, Count I of Plaintiff's Complaint must be dismissed.[2]

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard invites a two-step pavane." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 45 (1st Cir. 2012)). In the first step, the Court "must separate the complaint's factual allegations . . . from its conclusory legal allegations (which need not be credited)." *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Next, the Court evaluates whether the factual allegations are sufficient to plausibly infer that the defendant is liable. *See Meuse v. Nat'l P.I. Servs., LLC*, 2022 U.S. Dist. LEXIS 119572, at *9 (D. Mass. July 7, 2022) (quoting *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d at 80).

When a complaint asserts claims against multiple defendants, Plaintiffs must meet the Rule 8(a)(2) pleading standard as to each defendant. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a)."). "'[L]umping' of defendants is impermissible when it cannot be reasonably inferred that all defendants were involved in a particular aspect of the alleged

---

[2]   On July 15, 2025, Nicolette M. McGinley—which LexisNexis Risk believes is Plaintiff's twin sister—filed a lawsuit based on substantially similar allegations against LexisNexis Risk. On October 31, 2025, LexisNexis Risk moved to dismiss the 1681e(b) claim due to similar deficiencies as those identified in this Motion. On December 29, 2025, Nicolette M. McGinley filed an amended complaint, to which LexisNexis Risk will respond on or before January 12, 2026.

misconduct." *Verrier v. Beth Israel Deaconess Hosp.*, 2022 U.S. Dist. LEXIS 246852, at \*7–8 (D. Mass. May 31, 2022) (citing *Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005) (per curiam) (upholding dismissal where the complaint did not "'state clearly which defendant or defendants committed each of the alleged wrongful acts' and the plaintiff had failed to cure the pleading deficiencies")).

## ARGUMENT

**I.      Plaintiff's § 1681e(b) Claim Against LexisNexis Risk Fails Because Plaintiff Does Not Plausibly Allege Disclosure to a Third Party.**

To state a claim for relief under § 1681e(b), Plaintiff must plausibly allege that LexisNexis Risk disclosed her "consumer report" to a third party. *Washington v. CSC Credit Servs.*, 199 F.3d 263, 267 (5th Cir. 2000) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b."). Indeed, § 1681e(b) applies only to consumer reports. *See Ramirez*, 594 U.S. at 418. Under the FCRA, a "consumer report" is:

> [A]ny . . . ***communication*** of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purposes of serving as a factor in establishing the consumer's eligibility for . . . credit or insurance[.]

15 U.S.C. § 1681a(d)(1)(A) (emphasis added). Importantly here, courts consistently interpret a "consumer report" to require communication to a third party. *See e.g., Wantz v. Experian Info. Sols.,* 386 F.3d 829, 834 (7th Cir. 2004) ("[T]here cannot be a consumer report without disclosure to a third party."), *abrogated on other grounds, Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007); *see also Shaw v. Experian Info. Sols.*, 891 F.3d 749, 755 n.3 (9th Cir. 2018) ("A consumer, or credit, report is a CRA-prepared report that a CRA issues to third parties for certain qualifying

3

purposes."); *Collins v. Experian Info. Sols.*, 775 F.3d 1330, 1335 (11th Cir. 2015) ("A 'consumer report' requires communication to a third party . . . .").

Here, Plaintiff does not allege that LexisNexis Risk ***provided*** a consumer report to a third party.  Instead, Plaintiff merely alleges that "reporting by LexisNexis ***was viewed*** by third parties." Compl. ¶ 42 (emphasis added).  Plaintiff does not allege what information was provided to third parties or who may have provided the information. Plaintiff does not identify what third parties may have viewed the information. And Plaintiff does not allege that the "reporting by LexisNexis" was a consumer report used or expected to be used as a factor in establishing eligibility for credit or insurance. These factual omissions are fatal to her § 1681e(b) claim. *See Starr v. Equifax*, 2024 U.S. Dist. LEXIS 33620, at *8 (E.D. Pa. Feb. 27, 2024) (dismissing plaintiff's § 1681e(b) claim because plaintiff did not allege "which third parties, if any, received such inaccurate reports"); *Green v. Experian*, 2023 U.S. Dist. LEXIS 172494, at *7 (E.D. Pa. Sep. 27, 2023) (same); *Thomas v. Equifax Info. Servs. LLC*, 2023 U.S. Dist. LEXIS 106727, at *7 (N.D. Ga. Apr. 12, 2023) ("[I]t is correct that Plaintiff has not identified any third party to whom Equifax allegedly supplied inaccurate consumer information. And *without allegations identifying a third party to whom a credit report was furnished*, his § 1681e(b) claim against Equifax fails and is subject to dismissal." (emphasis added)). Put simply, Plaintiff is required to plead "*with specificity* that Defendants disclosed [her] credit information to a third party," including "when and to whom Defendants disclosed the credit reports." *Jackson v. Warning*, 2016 U.S. Dist. LEXIS 172589, at *17 (D. Md. Dec. 13, 2016) (emphasis added). Because Plaintiff does not allege "with specificity" that LexisNexis Risk disclosed inaccurate information to any third party, Plaintiff fails to plausibly allege a claim under § 1681e(b).

4

Plaintiff's allegations suggest that she may have viewed a file disclosure rather than a consumer report. *See* Compl. ¶ 41. But a file disclosure is *not* a consumer report under the FCRA, and any alleged inaccuracies therein do not give rise to a § 1681e(b) claim. *See e.g., Ramirez,* 594 U.S. at 434 (distinguishing "between (i) credit *files* that consumer reporting agencies maintain internally and (ii) the consumer credit *reports* that consumer reporting agencies disseminate to third-party creditors") (emphasis added). Consumer file disclosures are "separate and distinct from a consumer credit report prepared for third parties," and "[c]ourts expressly caution against conflating [consumer disclosures and consumer reports] when interpreting the FCRA." *Steinmetz v. Am. Honda Fin.*, 447 F. Supp. 3d 994, 1008 (D. Nev. 2020) (quoting *Larson v. Tran Union, LLC*, 2013 U.S. Dist. LEXIS 149160, at *12 (N.D. Cal. Oct. 15, 2013)); *see also Stewart v. Equifax Info. Servs., LLC*, 320 F. Supp. 3d 1186, 1210–11 (D. Kan. 2018) ("Although Equifax prepared some consumer disclosures for plaintiff . . ., none of those disclosures qualify as consumer reports in the sense that the FCRA defines that term.").

## II.   Plaintiff's Improperly Group Pled Allegations Do Not Revive Her Deficient § 1681e(b) Claim.

In ruling on this Motion, the Court should not consider the allegations that impermissibly lump together LexisNexis Risk with other consumer reporting agencies (CRAs). Plaintiff alleges that "the CRAs . . . prepared credit reports regarding Plaintiff" that contained her twin sister's information. Compl. ¶¶ 70–74. However, the "CRAs," as defined in the Complaint, include four different Defendants. *Id*. ¶ 18. Without alleging which of these four Defendants provided reports that meet the statutory definition of a "consumer report" in § 1681a, Plaintiff does not plausibly allege that LexisNexis Risk specifically furnished a consumer report. In any event, these allegations fail even the liberal pleading standard under Rule 8(a)(2), as they are no more than a conclusory "recitation of [§ 1681e(b)]'s elements." *See Twombly*, 550 U.S. at 555; *see also*

*Wescott v. Stanfill*, 778 F. Supp. 3d 193, 198 (D. Me. 2025) (stating that "the Court may ignore conclusory statements that merely recite elements of the claim" and citing *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022) for the proposition that "[w]e do not credit legal labels or conclusory statements, but rather focus on the complaint's non-conclusory, non-speculative factual allegations and ask whether they plausibly narrate a claim for relief.").

Further, in improperly group pled allegations, Plaintiff alleges that "Defendants" (undifferentiated) are liable for Plaintiff's damages because "[t]he inaccurate credit reporting has been viewed by third parties." Compl. ¶ 51(a), (c). But these allegations cannot rescue Plaintiff's factually deficient Complaint as to LexisNexis Risk specifically because Plaintiff impermissibly lumps LexisNexis Risk with other consumer reporting agencies without offering facts showing that they were acting in concert (because they were not). *See Atuahene*, 10 F. App'x at 34. The First Circuit requires Plaintiff to clearly state the alleged wrongful acts of each Defendant, and the Court should disregard allegations where Plaintiff fails to do so. *See Bagheri*, 160 F. App'x at 5. Because Plaintiff has not plausibly alleged that LexisNexis Risk disseminated her consumer report to a third party, Plaintiff's § 1681e(b) claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against LexisNexis Risk under 15 U.S.C. § 1681e(b) should be dismissed.

Respectfully submitted this 8th day of January, 2026,

*/s/ Jeffrey D. Russell*
Jeffrey D. Russell, Maine Bar No. 4506
**VERRILL DANA, LLP**
One Portland Square
Portland, ME 04101-4054
P: 207-253-4650
jrussell@verrill-law.com

6

*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 8, 2026, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send an email notification of such filing to all attorneys of record.

*/s/ Jeffrey D. Russell__*

Jeffrey D. Russell, Maine Bar No. 4506

**VERRILL DANA, LLP**

One Portland Square

Portland, ME 04101

P: 207-253-4650

jrussell@verrill-law.com

*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

8