**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION**

NICOLE L. MCGINLEY,

    Plaintiff,

  vs.

    Case No: 2:25-cv-00481-LEW-JCN

EXPERIAN INFORMATION
SOLUTIONS INC. et al,

    Defendants.

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. ("LexisNexis Risk"), by and through undersigned counsel, answers the Amended Complaint filed by Plaintiff Nicole L. McGinley ("Plaintiff") as follows:

**AMENDED COMPLAINT**

1. LexisNexis Risk admits the allegation in Paragraph 1 that Plaintiff purports to seek actual damages, statutory damages, punitive damages, costs, and attorneys' fees under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). LexisNexis Risk denies that it violated the FCRA and denies that Plaintiff is entitled to the above remedies. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 1.

2. LexisNexis Risk denies the allegations in Paragraph 2 for lack of knowledge sufficient to form a belief as to the truth of the matters alleged.

3.      LexisNexis Risk admits the allegation in Paragraph 3 that Plaintiff purports to bring an action for alleged statutory violations.  LexisNexis Risk denies that it violated the FCRA. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 3.

4.      LexisNexis Risk denies the allegations in Paragraph 4.

5.      LexisNexis Risk admits that Plaintiff alleges that this Amended Complaint is brought against the Defendants and all "agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants" as alleged in Paragraph 5.  LexisNexis Risk denies that the Amended Complaint is sufficiently pled to allege indirect agency liability and otherwise denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      LexisNexis Risk admits the allegation in Paragraph 6.

7.      LexisNexis Risk admits the allegation in Paragraph 7 that venue is proper in this District based on the allegations in the Amended Complaint.

## PARTIES

8.      LexisNexis Risk denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

9.      LexisNexis Risk denies the allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

10.      LexisNexis Risk denies the allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

11.      LexisNexis Risk denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

2

12.     LexisNexis Risk denies that it is a Foreign For-Profit Limited Liability Company. LexisNexis Risk admits that it sometimes does business in this District.  LexisNexis Risk admits that it has a registered agent in Maine.  LexisNexis Risk admits the allegation in Paragraph 12 that it sometimes acts as a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).  LexisNexis Risk admits the allegation in Paragraph 12 that it sometimes sells consumer reports as defined in 15 U.S.C. § 1681a(d).  LexisNexis Risk denies the allegation in Paragraph 12 that LexisNexis Risk "is reporting consumer credit files" in Maine.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 12.

13.     LexisNexis Risk denies the allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## **FACTUAL ALLEGATIONS**

14.     LexisNexis Risk incorporates its responses to Paragraphs 1 through 13 as if fully restated herein.

15.     LexisNexis Risk denies the allegation in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

16.     LexisNexis Risk denies the allegations in Paragraph 16 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

17.     LexisNexis Risk denies the allegations in Paragraph 17.

18.     LexisNexis Risk denies the allegations in Paragraph 18 as to LexisNexis Risk.

19.     LexisNexis Risk denies the allegations in Paragraph 19 as to LexisNexis Risk.

20.     LexisNexis Risk denies the allegations in Paragraph 20.

21.     LexisNexis Risk denies the allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

22.     LexisNexis Risk denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

23.     LexisNexis Risk denies the allegations in Paragraph 23.

24.     LexisNexis Risk denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

25.     LexisNexis Risk denies the allegation in Paragraph 25 that "Plaintiff's credit files had been mixed with those of her sister" as to LexisNexis Risk. LexisNexis Risk denies the remaining allegations in Paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

26.     LexisNexis Risk denies the allegations in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

27.     LexisNexis Risk denies the allegations in Paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

28.     LexisNexis Risk denies the allegations in Paragraph 28 as to LexisNexis Risk.

29.     LexisNexis Risk denies the allegations in Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

30.     LexisNexis Risk denies the allegations in Paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

31.     LexisNexis Risk denies the allegations in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

32.     LexisNexis Risk denies the allegations in Paragraph 32 as to LexisNexis Risk.

33. LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 33 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

34. LexisNexis Risk denies the allegation in Paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

35. LexisNexis Risk denies the allegation in Paragraph 35 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

36. LexisNexis Risk denies the allegation in Paragraph 36 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

37. LexisNexis Risk denies the allegation in Paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

38. LexisNexis Risk denies the allegation in Paragraph 38 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

39. LexisNexis Risk denies the allegation in Paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

40. LexisNexis Risk denies the allegation in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

41. LexisNexis Risk denies that the document Plaintiff reviewed was a "credit report"—it was a consumer file disclosure made pursuant to 15 U.S.C. § 1681g. LexisNexis Risk denies the remaining allegations in Paragraph 41.

42. LexisNexis Risk denies the allegations in Paragraph 42.

43.     LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 43.

44.     LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister.  LexisNexis Risk admits that Plaintiff's letter included Plaintiff's signature, a photocopy of Plaintiff's driver's license, a photocopy of Plaintiff's passport, and a photocopy of Plaintiff's invoice.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 44.

45.     LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

46.     LexisNexis Risk denies that the document Plaintiff reviewed was a "credit report"—it was a consumer file disclosure made pursuant to 15 U.S.C. § 1681g.  LexisNexis Risk admits that on or about June 2, 2025, LexisNexis Risk provided Plaintiff with a consumer file disclosure made pursuant to 15 U.S.C. § 1681g.  LexisNexis Risk denies the remaining allegations in Paragraph 46.

47.     LexisNexis Risk denies that the document Plaintiff reviewed was a "credit report"—it was a consumer file disclosure made pursuant to 15 U.S.C. § 1681g.  LexisNexis Risk denies the remaining allegations in Paragraph 47.

48.     LexisNexis Risk denies the allegations in Paragraph 48.

## PLAINTIFF'S DAMAGES[1]

49.    LexisNexis Risk denies the allegations in Paragraph 49 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

50.    LexisNexis Risk denies the allegations in Paragraph 50 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

51.    LexisNexis Risk denies the allegations in Paragraph 51 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge sufficient to form a belief as to the truth of the matters alleged.

52.    LexisNexis Risk denies the allegations in Paragraph 52 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

53.    LexisNexis Risk denies the allegations in Paragraph 53 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

54.    LexisNexis Risk denies the allegations in Paragraph 54 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge sufficient to form a belief as to the truth of the matters alleged.

---

[1] LexisNexis Risk includes headings as they appear in the Amended Complaint in its Answer for clarity, but inclusion of the headings does not constitute an admission of the contents of the heading. To the extent any headings contain an allegation requiring a response, LexisNexis Risk denies them.

55.      LexisNexis Risk denies the allegations in Paragraph 55 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to the remaining Defendants for lack of knowledge sufficient to form a belief as to the truth of the matters alleged.

## CAUSES OF ACTION

56.      LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 55 as if fully restated herein.

57.      LexisNexis Risk admits the allegation in Paragraph 57 that Plaintiff purports to bring an action against it pursuant to the FCRA.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 57 as to LexisNexis Risk. Lexis Nexis Risk denies the allegations as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)

58.      LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 57 as if fully restated herein.

59.      No answer is necessary to the allegations of Paragraph 59 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 59 are contrary to law, they are denied.

60.      LexisNexis Risk admits the allegation in Paragraph 60 that it sometimes acts as a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 60 as to LexisNexis Risk. LexisNexis Risk denies the allegations in Paragraph 60 as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

8

61.     No answer is necessary to the allegations of Paragraph 61 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 61 are contrary to law, they are denied.

62.     No answer is necessary to the allegations of Paragraph 62 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 62 are contrary to law, they are denied.

63.     LexisNexis Risk denies the allegations in Paragraph 63 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

64.     LexisNexis Risk denies the allegations in Paragraph 64 as to LexisNexis Risk. LexisNexis Risk denies the allegations in Paragraph 64 as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

65.     LexisNexis Risk denies the allegations in Paragraph 65 as to LexisNexis Risk. LexisNexis Risk denies the allegations in Paragraph 65 as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

66.     LexisNexis Risk admits the allegation in Paragraph 66 that Plaintiff purports to incorporate a description of her alleged damages in Paragraphs 49–54.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 66 as to LexisNexis Risk. LexisNexis Risk denies the allegations in Paragraph 66 as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

67.     LexisNexis Risk denies the allegations in Paragraph 67 as to LexisNexis Risk. LexisNexis Risk denies the allegations in Paragraph 67 as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

68.     LexisNexis Risk denies the allegations in Paragraph 68 as to LexisNexis Risk. LexisNexis Risk denies the allegations in Paragraph 68 as to the remaining Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## COUNT I:

### 15 U.S.C. § 1681e(b)
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
(Defendants Experian, Trans Union, and Equifax)**

69.     LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 68 as if fully restated herein.

70.     No answer is necessary to the allegations of Paragraph 70 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 70 are contrary to law, they are denied.

71.     LexisNexis Risk denies the allegations in Paragraph 71 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

72.     LexisNexis Risk denies the allegations in Paragraph 72 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

73.     LexisNexis Risk denies the allegations in Paragraph 73 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

74.     LexisNexis Risk denies the allegations in Paragraph 74 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

75.     LexisNexis Risk denies the allegations in Paragraph 75 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

76.     LexisNexis Risk denies the allegations in Paragraph 76 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

77.   LexisNexis Risk denies the allegations in Paragraph 77 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## COUNT II:

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Defendant LexisNexis)**

78.   LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 77 as if fully restated herein.

79.   No answer is necessary to the allegations of Paragraph 79 because they contain only conclusions of law. To the extent that the allegations in Paragraph 79 are contrary to law, they are denied.

80.   LexisNexis Risk denies the allegations in Paragraph 80.

81.   LexisNexis Risk denies the allegations in Paragraph 81.

82.   LexisNexis Risk denies the allegations in Paragraph 82.

83.   LexisNexis Risk denies the allegations in Paragraph 83.

84.   LexisNexis Risk denies the allegations in Paragraph 84.

85.   LexisNexis Risk denies the allegations in Paragraph 85.

86.   LexisNexis Risk denies the allegations in Paragraph 86.

## COUNT III:

**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Experian and Equifax)**

87.   LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 86 as if fully restated herein.

11

88.    No answer is necessary to the allegations of Paragraph 88 because they contain only conclusions of law. To the extent that the allegations in Paragraph 88 are contrary to law, they are denied.

89.    LexisNexis Risk denies the allegations in Paragraph 89 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

90.    LexisNexis Risk denies the allegations in Paragraph 90 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

91.    LexisNexis Risk denies the allegations in Paragraph 91 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

92.    LexisNexis Risk denies the allegations in Paragraph 92 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

93.    LexisNexis Risk denies the allegations in Paragraph 93 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

94.    LexisNexis Risk denies the allegations in Paragraph 94 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## COUNT IV:

### 15 U.S.C. § 1681i(a)(1)(A)
### Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute
### (Defendant LexisNexis)

95.    LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 94 as if fully restated herein.

96.    No answer is necessary to the allegations of Paragraph 96 because they contain only conclusions of law. To the extent that the allegations in Paragraph 96 are contrary to law, they are denied.

97. LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 97.

98. LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister.  LexisNexis Risk admits that Plaintiff's letter included Plaintiff's signature, a photocopy of Plaintiff's driver's license, a photocopy of Plaintiff's passport, and a photocopy of Plaintiff's invoice.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 98.

99. LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister.  LexisNexis Risk admits that Plaintiff's letter included Plaintiff's signature, a photocopy of Plaintiff's driver's license, a photocopy of Plaintiff's passport, and a photocopy of Plaintiff's invoice.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 99.

100. LexisNexis Risk denies the allegations in Paragraph 100 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

101. LexisNexis Risk denies the allegations in Paragraph 101.

102. LexisNexis Risk denies that the document Plaintiff reviewed was a "credit report"—it was a consumer file disclosure made pursuant to 15 U.S.C. § 1681g.  LexisNexis Risk denies the remaining allegations in Paragraph 102.

103. LexisNexis Risk denies the allegations in Paragraph 103.

## COUNT V:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendants Experian and Equifax)

104.    LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 103 as if fully restated herein.

105.    No answer is necessary to the allegations of Paragraph 105 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 105 are contrary to law, they are denied.

106.    LexisNexis Risk denies the allegation in Paragraph 106 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

107.    LexisNexis Risk denies the allegation in Paragraph 107 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

108.    LexisNexis Risk denies the allegation in Paragraph 108 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

109.    LexisNexis Risk denies the allegation in Paragraph 109 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

110.    LexisNexis Risk denies the allegation in Paragraph 110 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## COUNT VI:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendant LexisNexis)

111.    LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 110 as if fully restated herein.

14

112.    No answer is necessary to the allegations of Paragraph 112 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 112 are contrary to law, they are denied.

113.    LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 113.

114.    LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff with Plaintiff's signature, a copy of Plaintiff's driver's license, and a copy of Plaintiff's invoice disputing certain records as belonging to Plaintiff's sister. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 114.

115.    LexisNexis Risk denies the allegation in Paragraph 115.

116.    LexisNexis Risk denies the allegation in Paragraph 116.

117.    LexisNexis Risk denies the allegation in Paragraph 117.

118.    LexisNexis Risk denies that the document Plaintiff reviewed was a "credit report"—it was a consumer file disclosure made pursuant to 15 U.S.C. § 1681g.  LexisNexis Risk denies the remaining allegations in Paragraph 118.

## <u>COUNT VII</u>:

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Experian and Equifax)**

119.    LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 118 as if fully restated herein.

120.    No answer is necessary to the allegations of Paragraph 120 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 120 are contrary to law, they are denied.

121.    LexisNexis Risk denies the allegation in Paragraph 121 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

122.    LexisNexis Risk denies the allegation in Paragraph 122 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

123.    LexisNexis Risk denies the allegation in Paragraph 123 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

124.    LexisNexis Risk denies the allegation in Paragraph 124 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

125.    LexisNexis Risk denies the allegation in Paragraph 125 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## COUNT VIII:

### 15 U.S.C. § 1681i(a)(5)(A)
### Failure to Delete and/or Modify the Disputed Information
### (Defendant LexisNexis)

126.    LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 125 as if fully restated herein.

127.    No answer is necessary to the allegations of Paragraph 127 because they contain only conclusions of law.  To the extent that the allegations in Paragraph 127 are contrary to law, they are denied.

128.    LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff disputing certain records as belonging to Plaintiff's sister. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 128.

129.    LexisNexis Risk admits that on or about April 1, 2025, LexisNexis Risk received a letter from Plaintiff with Plaintiff's signature, a copy of Plaintiff's driver's license, and a copy of

Plaintiff's invoice disputing certain records as belonging to Plaintiff's sister. Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 129.

130.    LexisNexis Risk denies the allegation in Paragraph 130.

131.    LexisNexis Risk denies the allegation in Paragraph 131.

132.    LexisNexis Risk denies that the document Plaintiff reviewed was a "credit report"—it was a consumer file disclosure made pursuant to 15 U.S.C. § 1681g. LexisNexis Risk denies the remaining allegations in Paragraph 132.

133.    LexisNexis Risk denies the allegation in Paragraph 133.

## COUNT IX:

### 15 U.S.C. § 1681s-2(b)
### Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff
### (Defendant Nationstar)

134.    LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 133 as if fully restated herein.

135.    No answer is necessary to the allegations of Paragraph 135 because they contain only conclusions of law. To the extent that the allegations in Paragraph 135 are contrary to law, they are denied.

136.    LexisNexis Risk denies the allegation in Paragraph 136 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

137.    LexisNexis Risk denies the allegation in Paragraph 137 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

138.    LexisNexis Risk denies the allegation in Paragraph 138 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

17

139.  LexisNexis Risk denies the allegation in Paragraph 139 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

140.  LexisNexis Risk denies the allegation in Paragraph 140 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

141.  LexisNexis Risk denies the allegation in Paragraph 141 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## PRAYER FOR RELIEF

LexisNexis Risk admits that Plaintiff purports to demand a jury trial.  LexisNexis Risk asserts that Plaintiff is not entitled to any of the relief requested in the Prayer for Relief section of the Amended Complaint.  To the extent that the Prayer for Relief section of the Amended Complaint includes allegations as to LexisNexis Risk requiring a response, LexisNexis Risk denies those allegations as to LexisNexis Risk.

## LEXISNEXIS RISK'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiff's Amended Complaint, and without admitting or acknowledging that LexisNexis Risk bears the burden of proof as to any of them, LexisNexis Risk asserts the following separate and individual affirmative defenses.  LexisNexis Risk intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## THIRD AFFIRMATIVE DEFENSE

Any recovery Plaintiff may receive is subject to a set off if damages are awarded against LexisNexis Risk in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  LexisNexis Risk is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and/or omissions of third parties not controlled by LexisNexis Risk, and those third parties were the sole cause of any such alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to the extent that Plaintiff lacks standing or has not taken necessary action to recover under the FCRA.

19

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

### NINTH AFFIRMATIVE DEFENSE

LexisNexis Risk reasonably relied on information provided by furnishers of information pursuant to the FCRA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by a failure to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

LexisNexis Risk reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, LexisNexis Risk requests this Court to enter a judgment:

1.      denying Plaintiff any and all relief;

2.      dismissing Plaintiff's Amended Complaint in its entirety;

3.      dismissing this case with prejudice;

4.      awarding LexisNexis Risk its costs and attorneys' fees incurred in this case; and

5.      granting LexisNexis Risk all other remedies that the Court deems just and proper.

20

Respectfully submitted this 18th day of February, 2026.

/s/ *Jeffrey D. Russell*

Jeffrey D. Russell, Maine Bar No. 4506
VERRILL DANA, LLP
One Portland Square
Portland, ME 04101
P: 207-253-4626
jrussell@verrill-law.com

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

21

## CERTIFICATE OF SERVICE

This is to certify that on February 18, 2026, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send an email notification of such filing to all attorneys of record.

/s/     *Jeffrey D. Russell*

Jeffrey D. Russell, Maine Bar No. 4506
**VERRILL DANA, LLP**
One Portland Square
Portland, ME 04101
P: 207-253-4626
jrussell@verrill-law.com

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

22