## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE
## PORTLAND DIVISION

NICOLE L. MCGINLEY,

        Plaintiff,

        v.

EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
LEXISNEXIS RISK SOLUTIONS, and
NATIONSTAR MORTGAGE, LLC,

        Defendants.

Case No. 2:25-cv-00481-LEW

### EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Amended Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

### PRELIMINARY STATEMENT

### COMPLAINT ¶1:

This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

323508043v.1

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2:**

Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶3:**

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

All violations by the Defendants were knowing, willful, reckless, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶5:**

Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors,

323508043v.1

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named in this Complaint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## JURISDICTION AND VENUE

**COMPLAINT ¶6:**

Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶7:**

Venue in this District is appropriate under 28 U.S.C. §1391(b). Plaintiff resides in this District and the events giving rise to this litigation occurred in this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶8:**

Plaintiff is a natural person residing in Poland, Maine, and is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except

3

admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

### COMPLAINT ¶9:

Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), is a Foreign For-Profit Limited Liability Company registered to do business in Maine and with a registered agent in Maine. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Experian is reporting consumer credit files on thousands of consumers in the District of Maine.

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COMPLAINT ¶10:

Defendant Trans Union, LLC (hereinafter "Trans Union"), is a Foreign For-Profit Limited Liability Company registered to do business in Maine and with a registered agent in Maine. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Trans Union is reporting consumer credit files on thousands of consumers in the District of Maine.

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COMPLAINT ¶11:

Defendant Equifax Information Services, LLC (hereinafter "Equifax"), is a Foreign For-Profit Limited Liability Company registered to do business in Maine and with a registered agent in Maine. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on thousands of consumers in the District of Maine.

323508043v.1

**ANSWER:**

Equifax admits that it is a Georgia limited liability company that is registered to do business, and maintains a registered agent, in the State of Maine. Equifax also admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Defendant LexisNexis Risk Solutions (hereinafter "LexisNexis") is a Foreign For-Profit Limited Liability Company registered to do business in Maine and with a registered agent in Maine. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, LexisNexis is reporting consumer credit files on thousands of consumers in the District of Maine.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

Defendant Nationstar Mortgage, LLC (hereinafter "Nationstar"), is a Foreign for-profit company registered to do business in Maine. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in the District of Maine.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323508043v.1

## FACTUAL ALLEGATIONS

**COMPLAINT ¶14:**

Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶15:**

Plaintiff resides in Poland, Maine.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Plaintiff is the victim of inaccurate credit reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶17:**

On information and belief, Plaintiff is the victim of file mixing.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

On information and belief, Plaintiff's credit files with Experian, Trans Union, Equifax, and LexisNexis (collectively "the Credit Reporting Agencies" or "the CRAs") are mixed with the credit files of Plaintiff's twin sister.

323508043v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

On information and belief, through no fault of Plaintiff's own, Plaintiff's credit files became mixed with those of her sister due to the lack of reasonable procedures in place by the CRAs to prevent this from occurring.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

As a result of the file mixing, accounts, hard inquiries, addresses, employment information, and other personal data belonging to Plaintiff's sister has been appearing on Plaintiff's credit reports for decades, causing damage to Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶21:**

Through the years, Plaintiff has repeatedly attempted to have the file mixing corrected, however, Plaintiff's efforts have been unsuccessful.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶22:**

Over the years, Plaintiff recalls multiple attempts to have the inaccurate credit reporting corrected.

323508043v.1

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶23:**

Despite Plaintiff's efforts over the years, new accounts and other information belonging to Plaintiff's sister has routinely been added to Plaintiff's credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Plaintiff recalls countless past attempts to have the file mixing corrected once and for all, to no avail.

**ANSWER:**

Equifax admits that it has received letters from Plaintiff concerning information in her credit file. Equifax denies reporting inaccurate information.

**COMPLAINT ¶25:**

On or around July 2024, Plaintiff spoke with her sister and determined that numerous inaccurate items belonging to her sister were being reported on Plaintiff's credit reports, making it clear that Plaintiff's credit files had been mixed with those of her sister.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

323508043v.1

**COMPLAINT ¶26:**

Conversely, some of Plaintiff's own accounts and other information were being reported on Plaintiff's sister's credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

The following accounts and other information belonging to Plaintiff's sister were being reported on Plaintiff's credit reports for a substantial amount of time based on information and belief:

a. Experian:

    a. Nissan Motor Acceptance 10249029816****
    b. Phone number: 207-854-6969
    c. Phone number: 207-773-6161

b. Trans Union:

    a. Nissan Motor Acceptance 10249029816****
    b. Phone number: 207-322-4545

c. Equifax:

    a. Nissan Motor Acceptance 10249029816****

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

In addition to the appearance of her sister's accounts and other information appearing on her credit reports, Plaintiff found that multiple accounts were being inaccurately reported by the CRAs for a substantial amount of time based on information and belief.

323508043v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

The following accounts were being inaccurately reported by the CRAs:

a.    Experian:

    a.    Nationstar Mortgage 62900\*\*\*\* (mortgage account discharged in Plaintiff's 2010 bankruptcy and should no longer be reporting)

    b.    Nelnet/Education Financial 161\*\*\*\* (account closed in 2014 and should no longer be reporting)

b.    Equifax:

    a.    Nationstar Mortgage 62900\*\*\*\* (mortgage account discharged in Plaintiff's 2010 bankruptcy and should no longer be reporting)

    b.    Nelnet/Education Financial 161\*\*\*\* (account closed in 2014 and should no longer be reporting)

**ANSWER:**

Equifax admits that, at times, Nationstar Mortgage and Nelnet have furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

In addition to the inaccurate accounts and the accounts not belonging to Plaintiff, various hard inquiries belonging to Plaintiff's sister were being reported on Plaintiff's credit reports.

10

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

The inaccurate reporting affected Plaintiff's creditworthiness and credit reputation.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

The CRAs' inaccurate credit reporting was viewed by third parties, causing damages to Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶33:**

Plaintiff thereafter disputed the inaccurate credit reporting through dispute packages mailed directly to the CRAs via USPS Certified Mail. Plaintiff's dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

Plaintiff's Equifax dispute package was delivered and signed for by an Equifax agent or employee on October 1, 2024.

323508043v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Plaintiff's Experian dispute package was delivered and signed for by an Experian agent or employee on October 2, 2024.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

Plaintiff's Trans Union dispute package was delivered and signed for by a Trans Union agent or employee on October 2, 2024.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

After confirming that each of the CRAs were in receipt of her dispute packages, Plaintiff waited more than thirty (30) days before viewing her credit reports again.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

After pulling new credit reports, Plaintiff found that much of the information disputed by Plaintiff was still being reported by the CRAs.

323508043v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

The CRAs continued reporting the following inaccurate information on Plaintiff's credit reports for more than thirty (30) days following their receipt of Plaintiff's dispute packages:

    a.    <u>Experian</u>:

        a.    Nationstar Mortgage 62900****

    b.    <u>Equifax</u>:

        a.    Nationstar Mortgage 62900****

**ANSWER:**

Equifax admits that, at times, Nationstar Mortgage has furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

Multiple inaccurate phone numbers and hard inquiries belonging to Plaintiff's sister also continued reporting for more than thirty (30) days following the CRAs' receipt of Plaintiff's disputes.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

323508043v.1

**COMPLAINT ¶41:**

Plaintiff later viewed her LexisNexis credit report and found that dozens of inaccurate items belonging to her sister, including numerous names, addresses, insurance policy records, inquiries, inaccurate collection records, credit inquiries, and other information were being reported on Plaintiff's credit report by LexisNexis.

a.   LexisNexis:

    i.   NICOLETTE MARIE MCGINLEY
    ii.   NICOLETTE M MCGINLEY
    iii.   NICOLETTE M MCGINLEY
    iv.   NICOLETTE M. MCGINLEY
    v.   MS NICOLETTE M MCGINLEY
    vi.   Phone number: 207-332-5545
    vii.   Phone number: 207-744-9070
    viii.   STATE FARM INSURANCE Account #1920881642
    ix.   STATE FARM INSURANCE Account #1920881643
    x.   STATE FARM INSURANCE Account #1920889911
    xi.   STATE FARM INSURANCE Account #1920889912
    xii.   STATE FARM INSURANCE Account #1920968936
    xiii.   STATE FARM INSURANCE Account #1920995838
    xiv.   STATE FARM INSURANCE Account #5231543730
    xv.   STATE FARM INSURANCE Account #5231909824
    xvi.   STATE FARM INSURANCE Account #5231911249
    xvii.   STATE FARM INSURANCE Account #523C132903
    xviii.   NICOLETTE MCGINLEY MARIE- Policy Number 1543730F2752A, Claim Number 528266R25190319
    xix.   NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904
    xx.   NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20090126
    xxi.   NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904
    xxii.   Credit Application 2024/11/20
    xxiii.   Collections 2024/07/24
    xxiv.   Collections 2024/07/24
    xxv.   Collections 2024/07/22
    xxvi.   Collections 2024/06/12
    xxvii.   Credit Application 2024/02/02
    xxviii.   Credit Application 2024/12/16
    xxix.   Collections 2023/10/09
    xxx.   Collections 2023/09/08
    xxxi.   Collections 2023/08/09
    xxxii.   Collections 2023/07/10
    xxxiii.   Collections 2023/06/10

14

xxxiv.  Collections 2023/05/11
xxxv.   Collections 2023/05/11
xxxvi.  Collections 2023/04/07
xxxvii. Discover Financial Service 01/12/2024
xxxviii. Credit Application 2023/10/19
xxxix.  11 BROADWAY, 1515 NEW YORK, NY 10004-1387

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

The inaccurate reporting by LexisNexis was additionally viewed by the following third parties, causing damages to Plaintiff:

a.      LexisNexis:

i.      ARS National Services Inc on 4/7/2023
ii.     ARS National Services Inc on 5/11/2023
iii.    ARS National Services Inc on 6/10/2023
iv.     ARS National Services Inc on 7/10/2023
v.      ARS National Services Inc on 8/9/2023
vi.     ARS National Services Inc on 9/8/2023
vii.    ARS National Services Inc on 10/9/2023
viii.   Oxford Federal Credit Union on 10/19/2023
ix.     Synchrony Financial 12/16/2023
x.      Oxford Federal Credit Union on 1/18/2024
xi.     Upgrade, Inc on 2/2/2024
xii.    Penn Credit Corporation on 6/12/2024
xiii.   Penn Credit Corporation on 7/22/2024
xiv.    Frost-Arnett Company on 7/24/2024
xv.     Dirigo Federal Credit Union on 10/30/2024
xvi.    Discover Financial Services 11/20/2024
xvii.   PayPal, Inc. on 2/7/2025
xviii.  PayPal, Inc. on 2/9/2025
xix.    PayPal, Inc. on 2/10/2025
xx.     PayPal, Inc. on 2/11/2025

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

15

323508043v.1

**COMPLAINT ¶43:**

Plaintiff thereafter disputed the inaccurate credit reporting though dispute packages mailed directly to LexisNexis via USPS Certified Mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

Plaintiff's LexisNexis dispute package included a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's passport, a copy of Plaintiff's social security card, and a copy of an invoice showing her current address for identity verification.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Plaintiff's LexisNexis dispute package was delivered and signed for by a LexisNexis agent or employee on March 29, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

On June 2, 2025, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed her LexisNexis credit report and found that numerous disputed items belonging to Plaintiff's sister were still appearing on Plaintiff's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323508043v.1

**COMPLAINT ¶47:**

In addition to failing to remove numerous disputed items from Plaintiff's credit report, Plaintiff found that new inaccurate information had been added to her LexisNexis credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

As a result of Defendants' conduct, Plaintiff suffered substantial damages, described in detail below.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### PLAINTIFF'S DAMAGES

**COMPLAINT ¶49:**

As a result of Defendants' violations of the FCRA, Plaintiff is entitled to actual, statutory, and punitive damages, along with their attorneys' fees and costs in this matter. Defendants' conduct was such that Defendants acted willfully, intentionally, recklessly, and/or negligently in their actions related to Plaintiff.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COMPLAINT ¶50:**

The conduct of the Defendants was a direct and/or proximate cause, as well as a substantial factor in bringing about injuries, damages, and harm suffered by Plaintiff. Plaintiff continues to suffer as a result of Defendants' conduct. Plaintiff expects their damages to continue to accrue and be ongoing until they are made whole again if that ever occurs.

**ANSWER:**

Equifax denies the allegations in this paragraph.

323508043v.1

**COMPLAINT ¶51:**

Defendants, due to their conduct, are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief permitted by law. Plaintiff suffered the following types of damages due to the conduct of Defendants:

a.    Emotional damages in the form of mental anguish, humiliation, and embarrassment. Plaintiff has endured significant mental distress due to her ongoing file mixing issues that have persisted for much of her adult life. Plaintiff has suffered from high levels of stress and anxiety because of the inaccurate reporting. The inaccurate credit reporting has been viewed by third parties, including employers and prospective creditors, to whom Plaintiff has had to explain the inaccurate reporting and causing Plaintiff to feel embarrassed and humiliated.

Plaintiff's close personal relationships, particularly her relationship with her sister, have been negatively impacted by the inaccurate credit reporting. Due to the sisters' long history of file mixing, Plaintiff has delayed making important financial decisions, including filing for bankruptcy, out of fear that the bankruptcy would be reported on her sister's credit reports rather than her own. Plaintiff has disputed the ongoing inaccurate reporting many times over the years and at one point recalls Defendant Trans Union informing her that she would need to sue her own sister in order to fully resolve the persistent credit reporting errors. Overall, Plaintiff feels immensely stressed, powerless, and depressed as a result of the file mixing and lives in a perpetual state of worry and anxiety, for which she takes medication.

b.    Physical manifestations of mental anguish, humiliation, and embarrassment. The stress and anxiety Plaintiff experiences on a daily basis as a result of the file mixing have taken a toll on Plaintiff's overall physical health. As a result of the inaccurate credit reporting, Plaintiff has experienced significant weight gain, frequent headaches, hair loss, insomnia, and neck and back pain. Plaintiff sees her primary care physician annually to monitor her condition and has been prescribed medication to alleviate her anxiety and depression symptoms.

c.    Financial damages, including credit-related damages to Plaintiff's creditworthiness, credit reputation, and borrowing power. As a result of the file mixing, Plaintiff's credit reports have been plagued with inaccurate information for most of Plaintiff's adult life, affecting Plaintiff's debt-to-income ratios, and ultimately, her overall credit health. The inaccurate credit reporting has been viewed by third parties, furthering Plaintiff's damages. Plaintiff's job has also been jeopardized by the inaccurate reporting as she has to undergo periodic credit checks in order to maintain her employment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

18

**COMPLAINT ¶52:**

Plaintiff's damages caused by and through the conduct of Defendants are more specifically described as follows:

    a.      Emotional damages in the form of severe and debilitating mental anguish, humiliation, embarrassment, depression, and anxiety.

    b.      Physical manifestations of stress and anxiety, including weight gain, hair loss, loss of sleep, neck and back pain, and headaches.

    c.      Financial damages, including damage to Plaintiff's creditworthiness, credit reputation, and borrowing power.

    d.      All other damages as described above.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Plaintiff's damages attributable to Defendants are serious, continuing, and ongoing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Defendants' actions have led to Plaintiff's great detriment and loss and are caused by the conduct of Defendants described herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶55:**

All of the damages listed in Paragraphs 49-54 are specifically attributable to LexisNexis along with the other named Defendants.

**ANSWER:**

Equifax denies the allegations in this paragraph.

323508043v.1

## CAUSES OF ACTION

**COMPLAINT ¶56:**

Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶57:**

This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages which Plaintiff has suffered.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## VIOLATIONS OF THE FAIR CREDIT REPORTNG [sic] ACT (FCRA)

**COMPLAINT ¶58:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶59:**

The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

20

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶60:**

Defendants Experian, Trans Union, Equifax, and LexisNexis are Consumer Reporting Agencies pursuant to the FCRA and will collectively be referred to as "the CRAs," or "the CRA Defendants."

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶61:**

The FCRA defines a "Person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶62:**

The Code of Federal Regulations defines a "Furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 CFR § 1022.41(c).

323508043v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶63:**

Defendant Nationstar is a "Person" pursuant to the FCRA, and "Furnisher" pursuant to the Code of Federal Regulations (CFR) and be referred to as "the Data Furnisher" or "the Data Furnisher Defendant."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

**COMPLAINT ¶64:**

The following conduct of the CRAs and the Data Furnisher was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff expects their damages caused by the CRAs and the Data Furnisher to continue to accrue and be ongoing until Plaintiff is made whole again.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶65:**

The CRAs and the Data Furnisher as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in their actions related to Plaintiff. As a result of these Defendants' violations of the FCRA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

323508043v.1

**COMPLAINT ¶66:**

Plaintiff's damages attributable to the CRAs and the Data Furnisher are described in detail in paragraphs 49-54 above.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶67:**

Plaintiff's damages attributable to the CRAs and the Data Furnisher are serious, continuing, and ongoing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶68:**

This suit is brought against the Defendants for violations of the FCRA which are the causes of Plaintiff's damages. In all instances of violating the FCRA, Defendants did so willfully, intentionally, recklessly, and/or negligently. Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees under 15 U.S.C. §1681n and §1681o.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COUNT I:**

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Defendants Experian, Trans Union, and Equifax)**

**COMPLAINT ¶69:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

323508043v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶70:**

The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶71:**

The CRAs maintained inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing this derogatory and inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶72:**

Despite actual and implied knowledge that Plaintiff was the victim of file mixing, the CRAs readily stored, prepared, reported, and/or sold reports containing inaccurate information about Plaintiff, and in doing so, the CRAs suggested that Plaintiff was responsible for accounts, inquiries, and other information that belongs to Plaintiff's sister, or that was otherwise should not have been reported.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶73:**

The CRAs' inaccurate reporting was viewed by third parties.

24

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶74:**

The CRAs' conduct as to Plaintiff was such that a third party who viewed Plaintiff's credit reports could reasonably infer that the inaccurate information being reported by the CRAs was accurate, to Plaintiff's great detriment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶75:**

The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit files and/or reports they maintained and published about Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶76:**

Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have known that the information being reported about Plaintiff was inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶77:**

Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would never have reported the inaccurate information belonging to Plaintiff's sister on Plaintiff's credit files/reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

323508043v.1

## COUNT II:

### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (Defendant LexisNexis)

**COMPLAINT ¶78:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶79:**

The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶80:**

Defendant LexisNexis maintained inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing this derogatory and inaccurate information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

26

**COMPLAINT ¶81:**

Despite actual and implied knowledge that Plaintiff was the victim of file mixing, Defendant LexisNexis readily stored, prepared, reported, and/or sold reports containing inaccurate information about Plaintiff, and in doing so, Defendant LexisNexis suggested that Plaintiff was responsible for accounts, inquiries, and other information that belongs to Plaintiff's sister, or that was otherwise should not have been reported.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶82:**

Defendant LexisNexis inaccurate reporting was viewed by third parties as specified in paragraph 42.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶83:**

Defendant LexisNexis' conduct as to Plaintiff was such that a third party who viewed Plaintiff's credit reports could reasonably infer that the inaccurate information being reported by Defendant LexisNexis was accurate, to Plaintiff's great detriment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶84:**

LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit files and/or reports they maintained and published about Plaintiff.

323508043v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶85:**

Had Defendant LexisNexis established and/or followed reasonable procedures to assure maximum possible accuracy of their credit file and/or reports concerning Plaintiff, Defendant LexisNexis would have known that the information being reported about Plaintiff was inaccurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

Had Defendant LexisNexis established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, Defendant LexisNexis would never have reported the inaccurate information belonging to Plaintiff's sister on Plaintiff's credit files/reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT III:

### 15 U.S.C. § 1681i(a)(1)(A)
### Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute
### (Defendants Experian and Equifax)

**COMPLAINT ¶87:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

28

323508043v.1

**COMPLAINT ¶88:**

The FCRA provides:

[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶89:**

Plaintiff disputed the inaccurate accounts and other information through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

Plaintiff's Experian and Equifax dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

323508043v.1

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

**COMPLAINT ¶91:**

Plaintiff's dispute packages each contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting and that the inaccurate accounts and other information had been placed on Plaintiff's credit reports in error.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

**COMPLAINT ¶92:**

After Plaintiff verified that their dispute packages had been delivered to the CRAs by USPS, Plaintiff waited more than thirty (30) days before once again viewing their credit reports following their disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

After pulling new credit reports, Plaintiff found that the disputed accounts and other information remained on their credit report following the CRAs' processing of Plaintiff's disputes, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

30

**COMPLAINT ¶94:**

Plaintiff provided the CRAs with ample information proving that the disputed accounts and other information were the product of file mixing and inaccurate credit reporting. Had the CRAs conducted a reasonable investigation in accordance with the requirements imposed by the FCRA, they would have deleted the item from Plaintiff's credit files before the end of the thirty (30) day period.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT IV:**

**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendant LexisNexis)**

**COMPLAINT ¶95:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶96:**

The FCRA provides:

[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

323508043v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶97:**

Plaintiff disputed the inaccurate accounts and other information through a dispute package mailed directly to Defendant LexisNexis via USPS certified mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶98:**

Plaintiff's LexisNexis dispute package contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's passport, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶99:**

Plaintiff's dispute package contained more than enough information for Defendant LexisNexis to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting and that the inaccurate accounts and other information had been placed on Plaintiff's credit reports in error.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323508043v.1

**COMPLAINT ¶100:**

After Plaintiff verified that their dispute packages had been delivered to Defendant LexisNexis by USPS, Plaintiff waited more than thirty (30) days before once again viewing their credit report following their dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶101:**

After pulling new credit reports, Plaintiff found that the disputed accounts and other information remained on their credit report following the CRA's processing of Plaintiff's disputes, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶102:**

The inaccurate information that remained on Plaintiff's LexisNexis credit report following Plaintiff's dispute included, but is not limited to, the following information:

  i.   STATE FARM INSURANCE Account #1920881642
  ii.  STATE FARM INSURANCE Account #1920881643
  iii. STATE FARM INSURANCE Account #1920889911
  iv.  STATE FARM INSURANCE Account #1920889912
  v.   STATE FARM INSURANCE Account #1920968936
  vi.  STATE FARM INSURANCE Account #1920995838
  vii. NICOLETTE MCGINLEY MARIE- Policy Number 1543730F2752A, Claim Number 528266R25190319
  viii. NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904
  ix.  NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20090126
  x.   NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904

33

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶103:**

Plaintiff provided Defendant LexisNexis with ample information proving that the disputed accounts and other information were the product of file mixing and inaccurate credit reporting. Had Defendant LexisNexis conducted a reasonable investigation in accordance with the requirements imposed by the FCRA, they would have deleted the items from Plaintiff's credit file before the end of the thirty (30) day period.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT V:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendants Experian and Equifax)

**COMPLAINT ¶104:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶105:**

The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 1681i(a)(1)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 1681i(a)(1)(A)] with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

34

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶106:**

Plaintiff disputed the inaccurate accounts and other information through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶107:**

Plaintiff's Experian and Equifax dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

**COMPLAINT ¶108:**

Plaintiff's dispute packages each contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting and that the inaccurate accounts and other information had been placed on Plaintiff's credit reports in error.

323508043v.1

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

**COMPLAINT ¶109:**

Plaintiff, through their dispute packages, provided the CRAs with documents sufficient to prove that Plaintiff was the victim of file mixing and inaccurate credit reporting, however, the CRAs failed to review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

**COMPLAINT ¶110:**

Had the CRAs acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute packages, it would have been easy for the CRAs to determine that Plaintiff was the victim of file mixing and delete and/or suppress the disputed information accordingly.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### COUNT VI:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendant LexisNexis)

**COMPLAINT ¶111:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

36

323508043v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶112:**

The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 1681i(a)(1)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 1681i(a)(1)(A)] with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶113:**

Plaintiff disputed the inaccurate accounts and other information through a dispute package mailed directly to Defendant LexisNexis via USPS certified mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶114:**

Plaintiff's LexisNexis dispute package contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's passport, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

37

323508043v.1

**COMPLAINT ¶115:**

Plaintiff's dispute package contained more than enough information for Defendant LexisNexis to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting and that the inaccurate accounts and other information had been placed on Plaintiff's credit reports in error.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶116:**

Plaintiff, through their dispute package, provided Defendant LexisNexis with documents sufficient to prove that Plaintiff was the victim of file mixing and inaccurate credit reporting, however, the CRA failed to review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶117:**

Had Defendant LexisNexis acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute packages, it would have been easy for Defendant LexisNexis to determine that Plaintiff was the victim of file mixing and delete and/or suppress the disputed information accordingly.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶118:**

The inaccurate information that remained on Plaintiff's LexisNexis credit report following Plaintiff's dispute included, but is not limited to, the following information:

        i.     STATE FARM INSURANCE Account #1920881642
        ii.    STATE FARM INSURANCE Account #1920881643
        iii.   STATE FARM INSURANCE Account #1920889911

323508043v.1

iv.     STATE FARM INSURANCE Account #1920889912
v.      STATE FARM INSURANCE Account #1920968936
vi.     STATE FARM INSURANCE Account #1920995838
vii.    NICOLETTE MCGINLEY MARIE- Policy Number 1543730F2752A, Claim Number 528266R25190319
viii.   NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904
ix.     NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20090126
x.      NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT VII:**

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Experian and Equifax)**

**COMPLAINT ¶119:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶120:**

The FCRA provides that:

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

39

(i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

15 U.S.C. §1681i(a)(5)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶121:**

Plaintiff disputed the inaccurate accounts and other information through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶122:**

Plaintiff's Experian and Equifax dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

323508043v.1

**COMPLAINT ¶123:**

Plaintiff's dispute packages each contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting and that the inaccurate accounts and other information had been placed on Plaintiff's credit reports in error.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations contained therein.

**COMPLAINT ¶124:**

The CRAs violated their duties under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed information from Plaintiff's credit files and/or credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶125:**

Had the CRAs conducted reasonable investigations into Plaintiff's disputes as required by statute, they would have easily found that Plaintiff was the victim of file mixing and inaccurate credit reporting and promptly deleted the disputed items from Plaintiff's credit files and/or credit reports in accordance with the FCRA. Instead, the CRAs continued their inaccurate credit reporting about Plaintiff, to Plaintiff's great detriment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT VIII:**

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendant LexisNexis)**

**COMPLAINT ¶126:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

41

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶127:**

The FCRA provides that:

(5) Treatment of Inaccurate or Unverifiable Information

(B)  *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(iii)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(iv)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

15 U.S.C. §1681i(a)(5)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶128:**

Plaintiff disputed the inaccurate accounts and other information through a dispute package mailed directly to Defendant LexisNexis via USPS certified mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

42

323508043v.1

**COMPLAINT ¶129:**

Plaintiff's LexisNexis dispute package contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, a copy of Plaintiff's passport, a copy of Plaintiff's social security card, and a copy of an invoice showing Plaintiff's current address for identity verification.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶130:**

Plaintiff's dispute package contained more than enough information for Defendant LexisNexis to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting and that the inaccurate accounts and other information had been placed on Plaintiff's credit reports in error.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶131:**

Defendant LexisNexis violated its duties under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed information from Plaintiff's credit files and/or credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶132:**

The inaccurate information that remained on Plaintiff's LexisNexis credit report following Plaintiff's dispute included, but is not limited to, the following information:

| | | |
|---|---|---|
| i. | STATE FARM INSURANCE | Account #1920881642 |
| ii. | STATE FARM INSURANCE | Account #1920881643 |
| iii. | STATE FARM INSURANCE | Account #1920889911 |
| iv. | STATE FARM INSURANCE | Account #1920889912 |
| v. | STATE FARM INSURANCE | Account #1920968936 |

43

323508043v.1

vi.    STATE FARM INSURANCE Account #1920995838

vii.    NICOLETTE MCGINLEY MARIE- Policy Number 1543730F2752A, Claim Number 528266R25190319

viii.    NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904

ix.    NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20090126

x.    NICOLETTE MCGINLEY M. License Number XXXXX02 Issued 20200904

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶133:**

Had Defendant LexisNexis conducted a reasonable investigation into Plaintiff's disputes as required by statute, they would have easily found that Plaintiff was the victim of file mixing and inaccurate credit reporting and promptly deleted the disputed items from Plaintiff's credit file and/or credit report in accordance with the FCRA. Instead, Defendant LexisNexis continued their inaccurate credit reporting about Plaintiff, to Plaintiff's great detriment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT IX:

### 15 U.S.C. § 1681s-2(b)
### Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff
### (Defendant Nationstar)

**COMPLAINT ¶134:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

44

323508043v.1

**COMPLAINT ¶135:**

The FCRA provides the following:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)     Conduct an investigation with respect to the disputed information;

(B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)     Report the results of the investigation to the consumer reporting agency;

(D)     If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)     If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i)     Modify that item of information;
(ii)    Deleted that item of information; or
(iii)   Permanently block the reporting of that information.

15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶136:**

The Data Furnisher furnished inaccurate information about Plaintiff to the CRAs.

45

323508043v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶137:**

The Data Furnisher caused an inaccurate account to be added to Plaintiff's credit file with the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶138:**

The mortgage debt being reported by Nationstar was discharged in Plaintiff's 2010 bankruptcy and therefore should not be appearing on Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶139:**

On information and belief, notice of Plaintiff's disputes and attachments were transmitted to the Data Furnisher by the CRAs during the dispute process. Therefore, the Data Furnisher was aware that the disputed account should not have appeared on Plaintiff's credit reports and that it was placed on Plaintiff's reports in error. Still, Nationstar verified the disputed account as accurate and instructed the CRAs to continue reporting the inaccurate information, to the great detriment of Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶140:**

The Data Furnisher failed to conduct a reasonable, good faith investigation into Plaintiff's notice of dispute.

323508043v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶141:**

Had the Data Furnisher acted in accordance with their duties under 15 U.S.C. § 1681s-2(b), the Data Furnisher would have recognized that the disputed account was the product of inaccurate credit reporting and instructed the CRAs to cease their reporting of the inaccurate account. Instead, the Data Furnisher verified the disputed account as accurate and instructed the CRAs to continue their inaccurate credit reporting about Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a trial by jury and a judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. § 1681;

b.  Statutory damages pursuant to 15 U.S.C. § 1681;

c.  Punitive damages pursuant to 15 U.S.C. § 1681;

d.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o,

e.  Such other and further relief as may be necessary, just and proper.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law. Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Maine, and the conduct giving rise to Plaintiff's claim occurred outside of Maine and was not targeted at Maine.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit report(s).

## THIRD DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

48

323508043v.1

Dated: February 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Paige Vacante*
    Paige Vacante, *Admitted Pro Hac Vice*
    pvacante@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois  60606-6448
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

    Hillary J. Massey, Bar No. 004449
    hmassey@seyfarth.com
    SEYFARTH SHAW LLP
    Seaport East
    Two Seaport Lane, Suite 1200
    Boston, Massachusetts  02210-2028
    Telephone:  (617) 946-4800
    Facsimile:  (617) 946-4801

*Counsel for Defendant*
*Equifax Information Services LLC*

323508043v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Paige Vacante_

Paige Vacante
*Counsel for Defendant*
*Equifax Information Services LLC*

323508043v.1